**LEVINSON AXELROD, P.A.**
Ronald B. Grayzel, Esq.
*Levinson Plaza*
2 Lincoln Highway, P.O. Box 2905
Edison, NJ 08818
(732) 494-2727
Grayzel@njlawyers.com
Attorneys for Plaintiff

RECEIVED-CLERK
U.S. DISTRICT COURT

2009 FEB 23  P 12: 25

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELORES MILLER, | : |
| Plaintiff, | : |
| | : Civil Action No. |
| vs. | : |
| | : |
| SCHINDLER ELEVATOR CORPORATION; | : **Civil Action** |
| BALLY'S PARK PLACE d/b/a HARRAH'S | : |
| ENTERTAINMENT, INC.; HARRAH'S | : |
| ENTERTAINMENT, INC.; PARK PLACE | : **COMPLAINT and DEMAND FOR** |
| ENTERTAINMENT CORPORATION; | : **JURY TRIAL** |
| BALLY'S ATLANTIC CITY HOTEL & | : |
| CASINO; CLARIDGE CASINO HOTEL; and | : |
| JOHN DOES (1-30)(unknown individuals, | |
| entities and/or corporations); | |
| Defendants. | |

The plaintiff, DELORES MILLER by and through her attorneys says:

### PARTIES

1. Plaintiff DELORES MILLER is a citizen of Washington D.C., residing at 145 46th Street N.E. Apartment 21G, Washington D.C.

2. Defendant SCHINDLER ELEVATOR CORPORATION is a corporation with its principal place of business located at 20 Whippany Road, Morristown, New Jersey.

3. Defendant BALLY'S PARK PLACE d/b/a HARRAH'S ENTERTAINMENT, INC. is a corporation with its principal place of business located 1721 Boardwalk, Atlantic City, New Jersey.

4. Defendant HARRAH'S ENTERTAINMENT, INC. is a corporation with its principal place of business located at 1 Harrah's Court, Las Vegas, Nevada.

5. Defendant PARK PLACE ENTERTAINMENT CORPORATION is a corporation with its principal place of business located at 2100 Pacific Avenue, Atlantic City, New Jersey.

6. Defendant BALLY'S ATLANTIC CITY HOTEL & CASINO is a corporation with its principal place of business located at Park Place and Boardwalk, Atlantic City, New Jersey.

7. Defendant CLARIDGE CASINO HOTEL is a corporation with its principal place of business located at Park Place and Boardwalk, Atlantic City, New Jersey.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C.A. § 1332(a) because there is complete diversity between the plaintiff and the defendants and the amount in controversy exceeds $75,000.00.

9. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(a) because it is the location where the event herein referred to occurred and because some or all of the defendants regularly conduct business in the District.

## CAUSES OF ACTION

### COUNT I

10. On or about the 7th day of June, 2008, the plaintiff, DELORES MILLER, was legally and lawfully upon the premises of the Bally's Atlantic City Hotel and Casino and Claridge Casino Hotel (hereafter "Bally's") located at or near Park Place and Boardwalk, Atlantic City, New Jersey.

11. At all relevant times, the defendants, BALLY'S PARK PLACE d/b/a HARRAH'S ENTERTAINMENT, INC.; HARRAH'S ENTERTAINMENT, INC.; PARK PLACE ENTERTAINMENT CORPORATION; BALLY'S ATLANTIC CITY HOTEL & CASINO; CLARIDGE CASINO HOTEL, owned, possessed, operated, supervised, controlled, serviced, repaired, constructed, designed, and maintained Bally's and the elevators and elevator doors located therein.

12. At all relevant times, the defendants, SCHINDLER ELEVATOR CORPORATION, was engaged in the business of designing, selling, constructing, manufacturing, installing, maintaining, servicing, supervising, operating, possessing and repairing the elevators and elevator doors at Bally's.

13. At all relevant times, the defendants, JOHN DOES (1-30), are presently unknown individuals, entities and/or corporations who owned, possessed, operated, supervised, controlled, serviced, repaired, constructed, designed, and maintained Bally's and the elevators and elevator doors located therein.

14. At all relevant times, the defendants, BALLY'S PARK PLACE d/b/a HARRAH'S ENTERTAINMENT, INC.; HARRAH'S ENTERTAINMENT, INC.; PARK PLACE ENTERTAINMENT CORPORATION; BALLY'S ATLANTIC CITY HOTEL & CASINO; CLARIDGE CASINO HOTEL and JOHN DOES (1-30), their agents, servants, individuals and/or employees where negligent and careless in the manner in which they owned, possessed, operated, supervised, controlled, serviced, repaired, constructed, designed, and maintained Bally's and the elevators and elevator doors located therein.

15. At all relevant times, the defendants, SCHINDLER ELEVATOR CORPORATION, their agents, servants, individuals and/or employees where negligent and careless in the manner

in which they designed, sold, constructed, manufactured, installed, maintained, serviced, supervised, operated, possessed and repaired the elevators and elevator doors at Bally's.

16. On or about the 7th day of June, 2008, the plaintiff, DELORES MILLER, was operating a motorized wheelchair/scooter that she rented for use at Bally's when she made contact with elevator doors located inside Bally's and fell down the elevator shaft as a direct and proximate result of the negligent and careless acts and omissions and the defendants and their agents, servants and/or employees.

17. As a direct and proximate result of the negligence of the defendants BALLY'S PARK PLACE d/b/a HARRAH'S ENTERTAINMENT, INC.; HARRAH'S ENTERTAINMENT, INC.; PARK PLACE ENTERTAINMENT CORPORATION; BALLY'S ATLANTIC CITY HOTEL & CASINO; CLARIDGE CASINO HOTEL; SCHINDLER ELEVATOR CORPORATION and JOHN DOES (1-30), through their agents, servants and employees, in the manner in which Bally's and the elevators and elevator doors located therein where owned, possessed, operated, sold, constructed, supervised, controlled, serviced, repaired, constructed, designed, and maintained, the plaintiff, DELORES MILLER, was caused to suffer severe and permanent injuries to her head, body and limbs; was caused to suffer great pain and emotional distress; will in the future be caused to suffer great pain and emotional distress; was caused to suffer loss of enjoyment of life; will in the future suffer loss of enjoyment of life; was caused to incur medical expenses, will in the future be caused to incur medical expenses; was caused to suffer economic loss; will in the future suffer economic loss; and was caused to suffer permanent injuries.

**WHEREFORE**, the Plaintiff, DELORES MILLER, demands judgment against the defendants jointly, severally, individually or in the alternative, for compensatory damages, interest, counsel fees and costs of suit.

## COUNT II

18. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 and make them a part hereof as though the same were more fully set forth herein and made a part hereof.

19. The elevator, elevator doors and its component parts were designed, manufactured, and distributed into the stream of commerce by the defendants, SCHINDLER ELEVATOR CORPORATION and/or JOHN DOES (1-30).

20. The elevator, elevator doors and its component parts and its components were defectively designed, manufactured and distributed into the stream of commerce. It was unsafe, unfit and unsuitable.

21. As a direct and proximate consequence of the defective condition of the product, plaintiff was caused to suffer severe and permanent injuries to her head, body and limbs; was caused to suffer great pain and emotional distress; will in the future be caused to suffer great pain and emotional distress; was caused to suffer loss of enjoyment of life; will in the future suffer loss of enjoyment of life; was caused to incur medical expenses, will in the future be caused to incur medical expenses; was caused to suffer economic loss; will in the future suffer economic loss; and was caused to suffer permanent injuries.

22. Defendants SCHINDLER ELEVATOR CORPORATION and/or JOHN DOES (1-30) are legally responsible for plaintiff's injuries under the Doctrine of Strict Liability in Tort and the Products Liability Law of the State of New Jersey.

**WHEREFORE,** the Plaintiff, DELORES MILLER, demands judgment against the defendants jointly, severally, individually or in the alternative, for compensatory damages, interest, counsel fees and costs of suit.

### COUNT III

23. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12 and make them a part hereof as though the same were more fully set forth herein and made a part hereof.

24. The plaintiff alleges there was a breach of regulations and that constitutes a statutory tort.

**WHEREFORE,** the Plaintiff, DELORES MILLER, demands judgment against the defendants jointly, severally, individually or in the alternative, for compensatory damages, interest, counsel fees and costs of suit.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues herein stated.

**LEVINSON AXELROD, P.A.**
2 Lincoln Highway
P.O. Box 2905
Edison, New Jersey 08818
(732) 494-2727
Grayzel@njlawyers.com

By: _____
Ronald B. Grayzel

Dated: February 17, 2009